IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN M. LEATO; and
LAURINA T. LEATO                                                    PLAINTIFFS

V.                           CASE NO. 5:19-CV-05028

ASSURANT, INC.; ASSURANT SOLUTIONS,
INC; and AMERICAN SECURITY INSURANCE
COMPANY                                                             DEFENDANTS

## OPINION AND ORDER

Plaintiffs filed this action pursuant to 28 U.S.C. § 1332. They proceed *pro se* and *in forma pauperis*. Because Plaintiffs filed the wrong exhibits with their Complaint, the Court on February 14, 2019, entered an Order (Doc. 5) directing Plaintiffs to supplement their Complaint with the correct exhibits. *See* Doc. 5 (explaining that the exhibits listed on the bottom of page four of the Complaint were not attached, and the exhibits actually attached to the Complaint did not appear to have any connection with the case). The correct exhibits were due to be filed by March 4, 2019. Plaintiffs were advised that failure to comply with the Order "shall result" in the dismissal of the case. *Id.*

On March 8, 2019, a Clerk's staff note was entered on the docket. The staff note indicates that on March 5, Plaintiffs attempted to send documents for filing via email. The Clerk emailed the Plaintiffs the same day to advise that they could not file documents via email. On March 7, Plaintiffs once again attempted to send documents for filing via email. That same day, the Clerk called Plaintiffs using a phone number that appeared on the documents and left a message stating that no documents could be filed via email. On March 8, Plaintiffs emailed the Clerk a third time, attaching a set of documents for filing.

Once again, the Clerk responded via email that no documents could be filed in this manner.

To date, Plaintiffs have failed to properly file any updated and correct exhibits with the Clerk, and they have not sought an extension of time to comply with the Court's prior Order. Further, no mail addressed to the Plaintiffs has been returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)(stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

Therefore, pursuant to Rule 41(b), this Complaint is **DISMISSED WITHOUT PREJUDICE** based on Plaintiffs' failure to prosecute this case, their failure to obey the order of the Court, and their failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED** on this 15th day of March, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE